UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MEDIENT STUDIOS, INC., FONU2, INC., MANU KUMARAN, JOEL A. "JAKE" SHAPIRO, and ROGER MIGUEL, <br><br> Defendants. | C.A. No. __-_____ |

# CONSENT OF DEFENDANT FONU2, INC. TO ORDER OF PERMANENT INJUNCTION

1. Defendant Fonu2, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Order of Permanent Injunction as to Defendant Fonu2, Inc. in the form attached hereto (the "Order") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e and 77q(a)];

(b) orders Defendant to pay disgorgement in an amount to be determined by the Court; and

(c) orders Defendant to pay a civil penalty in an amount to be determined by the Court under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from August 13, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Order; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

    4.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding,

regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Order.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Order and agrees that entry of the Order by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Order is filed with the Clerk of the

Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Order.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it

shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Order and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to

take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Order to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order.

Dated: *August 3, 2016*

Fonu2, Inc.

By: *Roger Miguel*

Title: *CEO*

Address: *309 E. Main Street, Unit B Garden City, GA 31408*

On *August 3*, 20*16*, *Roger Miguel*, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Fonu2, Inc., as its *CEO*.

*J. C. West*
Notary Public
Commission expires: *October 21, 2019*

Approved as to form:

*Gerald J. Baxter*

Gerald L. Baxter, Esq.
Greenberg Traurig, LLC
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Attorney for Defendant

JENNIFER C WEST
Notary Public, Georgia
Chatham County
My Commission Expires
October 21, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

MEDIENT STUDIOS, INC., FONU2,
INC., MANU KUMARAN, JOEL A.
"JAKE" SHAPIRO, and ROGER
MIGUEL,

          Defendants.

C.A. No. __-_____

## CONSENT OF DEFENDANT FONU2, INC. TO ORDER OF PERMANENT INJUNCTION

1. Defendant Fonu2, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Order of Permanent Injunction as to Defendant Fonu2, Inc. in the form attached hereto (the "Order") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e and 77q(a)];

(b) orders Defendant to pay disgorgement in an amount to be determined by the Court; and

(c) orders Defendant to pay a civil penalty in an amount to be determined by the Court under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from August 13, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for


disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of this Consent or the Order; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding,

regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Order.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Order and agrees that entry of the Order by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Order is filed with the Clerk of the

Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Order.

11.  Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it

shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Order and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to

take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Order to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order.

Dated: *August 3, 2016*

Fonu2, Inc.

By: *Roger Miguel*

Title: *CEO*

Address: *309 E. Main St., Unit B*
*Garden City, GA 31908*

On *August 3*, 20*16*, *Roger Miguel*, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Fonu2, Inc., as its *CEO*.

*Jennifer C. West*
Notary Public
Commission expires: *October 21, 2019*

JENNIFER C WEST
Notary Public, Georgia
Chatham County
My Commission Expires
October 21, 2019

Approved as to form:

*Gerald L. Baxter*

Gerald L. Baxter, Esq.
Greenberg Traurig, LLC
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Attorney for Defendant

8

## FONU2, INC.
## CERTIFICATE OF
## CORPORATE RESOLUTION

I, _Roger Miguel_, do hereby certify that I am an elected and qualified Officer and Director of Fonu2, Inc. ("Fonu2" or "Corporation"), a Nevada corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Fonu2 at a meeting held on _August 3_, 2016, at which a quorum was present and resolved as follows:

**RESOLVED:** That _Roger Miguel_, an Officer and Director of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and execute the Consent, with the attached Order of Permanent Injunction, of Fonu2, attached hereto, with the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer and Director be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _3rd_ day of _August_, 2016.

By: _Roger Miguel_

Title: _CEO_

Of: Fonu2, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 3_, 2016.

_Roger Miguel_

## CERTIFICATION AS TO COMPLETENESS
## OF DOCUMENT PRODUCTION

_Roger Miguel_ [name of signatory], the _CEO_ [title] of Fonu2, Inc. (the "Recipient"), hereby certifies as follows:

1. The Recipient hereby acknowledges and agrees that in settling enforcement action against the Recipient the Commission has relied upon the completeness of, among other things, the Recipient's production of documents in response to all Commission subpoenas, document requests, and requests for voluntary production of documents to the Recipient in connection with this matter, subject to any modifications agreed to in writing by Commission staff ("the Commission's Document Demands").

2. I have made diligent inquiry of and requested production from all of the Recipient's officers, directors, employees, and agents reasonably likely to have possession of documents responsive to the Commission's Document Demands. In addition, a diligent search has been made of all other files in Recipient's possession, custody, or control that are reasonably likely to contain responsive documents, including but not limited to general file areas, off-site document files, e-mail and archive files, and all other original and back-up electronic and computer files and systems.

3. To the best of my knowledge, all responsive documents in the possession, custody, or control of the Recipient and its officers, directors, employees, and agents have been produced to the Commission or identified in a privilege log submitted to the Commission. The Recipient has a good faith basis to believe that a bona fide privilege,

recognized under applicable law, applies to each responsive document identified on a privilege log and not produced to the Commission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _August 3_, 20_16_.

Fonu2, Inc.

By: _[signature]_

Title: _CEO_

Address: _309 E. Main Street, Unit B_
_Garden City, GA 31408_

Telephone Number: _(704) 906-6751_