**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                    **Plaintiff,**<br><br>           **v.**<br><br>**MEDIENT STUDIOS, INC., FONU2, INC., MANU KUMARAN, JOEL A. "JAKE" SHAPIRO, and ROGER MIGUEL,**<br><br>                    **Defendants.** | **Case No. 4:16-cv- 00253 WTM-GRS** |

## [PROPOSED] ORDER MEMORIALIZING PARTIES' AGREEMENT REGARDING INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

This matter is before the Court at the request of the parties, who seek to have their agreement regarding the treatment of inadvertently produced privileged documents entered in the record as a Court Order.  As the parties have so agreed, and the Court finds the terms to be acceptable, the Court hereby incorporates the agreement into this Order as follows:

1)     All documents produced by the parties shall be considered as produced pursuant to this agreement regarding the inadvertent production of privileged documents ("Agreement").

2)     By producing documents pursuant to this Agreement, the parties do not intend to waive, and are not waiving, any claim of privilege or work product protection ("Privilege") that is applicable to such documents before their production, except as provided in paragraphs 3 and 4 below.  The parties agree not to assert that any

1

Privilege that applies to documents before their production is waived due to production pursuant to this Agreement, except as provided in paragraphs 3 and 4 below, or to the extent that such production operates as a subject-matter waiver. Nothing in this Agreement prevents the parties from (i) contesting any claim that identified documents were subject to a Privilege ("Privileged") before their production, or (ii) asserting that a Privilege applicable to any documents before their production was waived for reasons other than production pursuant to this Agreement.

3)    If a party discovers, during its review of produced documents, a document that appears to be subject to a Privilege claim, that party shall notify the producing party and identify the document. If the producing party then claims Privilege with respect to such documents, it shall within ten business days assert in writing any claim of Privilege applicable to such document. In addition, if a producing party (i) determines that a document produced pursuant to this Agreement is subject to a claim of Privilege; (ii) knows that a produced document has been made an exhibit in a deposition; (iii) knows that a produced document has been filed as an exhibit to a motion; or (iv) knows that a produced document has been identified as a trial exhibit, the producing party shall within ten business days assert in writing any claim of Privilege applicable to such document.

4)    At the time of making any such claim of Privilege, the producing party shall produce a privilege log identifying the document or portion thereof subject to the claim and containing sufficient information to support its purportedly Privileged status, and, when applicable, a copy of such documents with the purportedly Privileged portions redacted. If the producing party does not assert the claim of Privilege and produce a privilege log (and, when applicable, redacted versions of any documents claimed to be Privileged), within the above time period, the Privilege, if any, is waived.

5)    The parties may at any time dispute a Privilege claim for any document on a privilege log. If a non-producing party notifies a producing party that it disputes the assertion of Privilege, the producing party shall within ten business days of such notice either (i) withdraw the claim of Privilege in writing, or (ii) for each disputed item, address in writing each element required to establish a valid assertion of Privilege. If within ten business days of such notice the producing party does not send a written response as described in (i) or (ii) of this paragraph, the Privilege, if any, is waived.

6)    When a Privilege claim has been asserted, the non-producing party shall return to the producing party (i) documents subject to an undisputed claim of Privilege

2

asserted in accordance with the terms of this Agreement, and/or (ii) documents determined by the Court to be Privileged; provided, however, that no document will be returned unless the producing party's counsel first represents in writing that such document will be preserved and retained by counsel, in the form in which it was produced, until the termination of this litigation.

7)     The time periods set forth in paragraphs 3, 4 and 5 above may be modified with the consent of the parties.  Any such modifications shall be confirmed in writing.

8)     The parties shall not disclose any documents produced under this Agreement to third parties, unless such disclosure is permitted or required by law.

SO ORDERED this _6_ th day of ~~January~~ February, 2017.

_____
UNITED STATES [MAGISTRATE] JUDGE
SOUTHERN DISTRICT OF GEORGIA

3