## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

               **Plaintiff,**

         **v.**

MEDIENT STUDIOS, INC., FONU2,
INC., MANU KUMARAN, JOEL A.
"JAKE" SHAPIRO, and ROGER
MIGUEL,

               **Defendants.**

Case No. 4:16-cv- 00253
WTM-GRS

FILED
Scott L. Poff, Clerk
United States District Court

*By James Burrell at 4:14 pm, Jan 17, 2018*

## FINAL JUDGMENT AS TO DEFENDANT JOEL A. "JAKE" SHAPIRO

The Securities and Exchange Commission having filed a Complaint and

Defendant Joel A. "Jake" Shapiro ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject

matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction and except as

otherwise provided herein in paragraph IX); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

person about the price or trading market for any security, (ii) creating a false

appearance or otherwise deceiving any person, including a transfer agent, about the

restricted status of any security; or (iii) making any false or misleading statement,

or disseminating any false or misleading documents, materials, or information,

concerning matters relating to a decision by an investor or prospective investor to

buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant

or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1

thereunder [17 C.F.R. § 240.13d-1] by failing to file with the Commission a

statement on Schedule 13D [17 C.F.R. § 240.132-101] after acquiring directly or indirectly the beneficial ownership of more than 5% of a class of equity securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or failing to file with the Commission an amendment disclosing a material increase or decrease in the percentage of the class beneficially owned in accordance with the requirements of Section 13(d) of the Exchange Act and Rule 13d-1 thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by, as a person who directly or indirectly is the beneficial owner of more than 10% of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or as a director or officer of the issuer of such security, failing to report his beneficial

ownership of such securities, or changes in his beneficial ownership, on filings with the Commission on Forms 4 or 5 in accordance with the requirements of Section 16(a) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred from participating in an offering of penny stock, including

engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, for five (5) years following the date of entry of this Final Judgment. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $21,456.14, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,385.43. In addition, Defendant is ordered to pay a civil penalty in the amount of $75,000 pursuant to pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty of $98,841.57 in five installments to the Commission according to the following schedule: (1) $10,000 payable within 10 days after entry of this Final Judgment; $25,000 payable within 90 days after entry of this Final Judgment; $25,000 payable within 180 days after entry of the Final Judgment; $25,000 payable within 270 days after entry of the Final Judgment; and $13,841.57 payable within 1 year of entry of the Final Judgment. Payments shall be deemed made on

the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Shapiro fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to Enterprise Services Center

      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joel A. "Jake" Shapiro as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _Jan. 17_ , _2018_ 　　　　　　_[signature]_

　　　　　　　　　　　　　WILLIAM T. MOORE
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE