**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. CV416-253 |
| MANU KUMARAN, | ) ) | |
| Defendant. | ) ) | |

**O R D E R**

Before the Court is Plaintiff Securities and Exchange Commission's (the "SEC") Motion for Default Judgment. (Doc. 66.) On September 23, 2016, the SEC filed a complaint against Defendant Manu Kumaran for violations of federal securities laws. (Doc. 1.) The SEC served Defendant by publication on September 10, 2020.[1] (Docs. 60, 61, 63.) After the response period expired, the SEC

---

[1] The SEC previously attempted service via several methods but was unsuccessful because Defendant left the United States prior to the filing of the complaint. (Docs. 10, 14, 16.) On April 10, 2019, the Magistrate Judge granted the SEC leave to effect service of process on Manu Kumaran by publishing notice of this action in four foreign newspapers, The Times, The Financial Times, The Times of India, and The Economic Times. (Doc. 56.) The Magistrate Judge later allowed the SEC to substitute publication in the international edition of The New York Times for publication in The Financial Times. (Doc. 61.) The SEC published notices in accordance with the Magistrate Judge's directive, with the last such notice being published on September 10, 2020. (Docs. 60, 61, 63.) As a result, the latest date for Kumaran to file a response expired on October 1, 2020. Fed. R. Civ. P. 12(a)(1)(C).

moved for entry of default against Defendant, which the Clerk entered on October 21, 2020. (Doc. 65.) The SEC now requests that this Court enter default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55. (Doc. 66.)

Under Rule 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir.1985) (finding that court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation," or where "the record adequately reflects the basis for the award via a . . . demonstration by detailed affidavits establishing the necessary facts.").

2

As previously established, the Clerk entered default against Defendant on October 21, 2020. (Doc. 65.) Additionally, the Court finds that the allegations in the SEC's complaint, taken as true, state a substantive cause of action against Defendant for violations of Sections 5(a), 5(c), and 17(a) of the Securities Act[2] and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder,[3] as well as aiding and abetting Co-Defendant Medient Studios, Inc.'s violations of Sections 5(a), 5(c), and 17(a) of the Securities Act[4] and Sections 10(b), 13(a), and 14(c) of the Exchange Act and Rules 10b-5, 12b-2, 13a-1 and 14c-6 thereunder.[5] (Doc. 1 at 11-45.) The Court also finds the SEC has provided a sufficient basis for the following relief sought:

1. Permanent injunctive relief against Defendant for each of the violated sections and rules previously listed;

2. Disgorgement in the amount of $130,028.56 and prejudgment interest in the amount of $26,246.30;[6]

3. A civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act in the amount

---

[2] 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a).
[3] 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.
[4] 15 U.S.C. § 77e(a), 77e(c)h, and 77q(a).
[5] 15 U.S.C. §§ 78j(b), 78m(a) and 78n(c); 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1 and 240.14c-6.
[6]  (Doc. 66, Attach. 2 at 2-7.)

of Defendant's gross amount of pecuniary gain, $130,028.56;[7]

4. An Officer and Director bar against Defendant pursuant to Section 21(d)(2) of the Exchange Act;[8] and

5. A Penny Stock bar against Defendant pursuant to Section 21(d)(6) of the Exchange Act and Section 20(g) of the Securities Act.[9]

Accordingly, the Court finds that the SEC is entitled to entry of a default judgment against Defendant, and the SEC's motion (Doc. 66) is **GRANTED**. For good cause shown, the Clerk of Court is **DIRECTED** to enter judgment against the Defendant as follows:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

---

[7] 15 U.S.C. § 78u(d)(3).
[8] 15 U.S.C. § 78u(d)(2).
[9] 15 U.S.C. § 78u(d)(6); 15 U.S.C. § 77t(g).

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating

5

Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the

Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 promulgated thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-1] by knowingly or recklessly providing substantial assistance to an issuer that failed to file with the Commission true and correct annual reports made on Form 10-K and current reports made on Form 8-K that contain all material information necessary to make the required statements in the

8

reports, in the light of the circumstances under which they are made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that,** as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation Section 14(c) of the Exchange Act and Rule 14c-6 promulgated thereunder [17 C.F.R. § 240.14c-6], by knowingly or recklessly providing substantial assistance to an issuer that filed with the Commission, or providing, in lieu of a proxy statement, to any investor, an information statement on Schedule 14C [17 C.F.R. § 14c-101] containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the same meeting or subject matter which has become false or misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

**IT IS HEREBY FURTHER ORDERDED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than

five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $130,028.56, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,246.30, for a total of $156,274.86, and a civil penalty in the amount of $130,028.56 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant shall satisfy these obligations by paying the disgorgement, prejudgment interest thereon, and civil penalty in the total amount of $286,303.42 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Medient Studios, Inc., as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is **ORDERED** to enter this Final Judgment forthwith and without further notice. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this *17th* day of November 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13